1  JEFFREY H. WOOD
   Acting Assistant Attorney General
2  ROCHELLE L. RUSSELL (CA No. 244992)
   United States Department of Justice
3  Environmental and Natural Resources Division
   Environmental Defense Section
4  301 Howard Street, Suite 1050
   San Francisco, CA 94105
5  Tel: (415) 744-6566 / Fax: (415) 744-6476

6  PHILLIP A. TALBERT
   United States Attorney
7  GREGORY T. BRODERICK
   Assistant United States Attorney
8  501 I Street, Suite 10-100
   Sacramento, CA 95814
9  Tel: (916) 554-2780

10 *Attorneys for Plaintiff United States of America*

11 LAWRENCE S. BAZEL (CA No. 114641)
   MAX ROLLENS (CA No. 308984)
12 BRISCOE IVESTER & BAZEL LLP
   155 Sansome Street, Seventh Floor
13 San Francisco, CA 94104
   Tel: (415) 402-2700 / Fax: (415) 398-5630
14

15 *Attorneys for Defendants John Donnelly Sweeney and
   Point Buckler Club, LLC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-cv-00112-KJM-KJN |
| Plaintiff, | **STIPULATION RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION AND DISCOVERY PROCEDURE;** |
| v. | |
| JOHN DONNELLY SWEENEY and POINT BUCKLER CLUB, LLC | |
| Defendants. | **ORDER** |

Pursuant to the Parties' Joint Status Report and Discovery Plan, ECF No. 12, and Fed. R. Civ. P. 24(b)(2)(E), and the Court's direction at the June 8, 2017 status conference, ECF No. 14, the Parties submit the following stipulation and proposed Order regarding discovery of electronically stored information and discovery procedure.

A. <u>DISCOVERY OF ELECTRONICALLY STORED INFORMATION</u>

    1. <u>Preservation Not Required for ESI That Is Not Reasonably Accessible</u>.

        a. Except as provided in subparagraph b. below, the Parties need not preserve the following categories of electronically stored information for this litigation:

            i. Data stored in a backup system for the purpose of system recovery or information restoration, including but not limited to, disaster recovery backup tapes, continuity of operations systems, and data or system mirrors or shadows, if such data are routinely deleted or written over in accordance with an established routine system maintenance practice;

            ii. Instant messages, such as messages sent on AOL Instant Messenger or Microsoft Communicator;

            iii. Electronic mail sent to or from a personal digital assistant ("PDA"), smartphone (e.g., BlackBerry, iPhone), or tablet (e.g., iPad) provided that a copy of such email is routinely saved elsewhere;

            iv. Other electronic data stored on a PDA, smartphone, or tablet such as calendar or contract data or notes, provided that a copy of such information is routinely saved elsewhere;

            v. Logs of calls made from cellular phones;

            vi. Deleted computer files, whether fragmented or whole;

            vii. Data stored in random access memory ("RAM"), cache memory, or in temporary or cache files, including internet history, web browser cache and cookie files, wherever located;

            viii. Data stored on photocopiers, scanners, and fax machines;

            ix. Server, system, or network logs;

     x. Electronic data temporarily stored by scientific equipment or attached devices, provided that the data that is ordinarily preserved as part of a laboratory report is, in fact, preserved in its ordinary location and form; and

  b. Notwithstanding subparagraph a. above, if on the date of this Joint Status Report and Discovery Plan any Party has a policy that results in the routine preservation of any of the categories of information identified in subparagraph a., such Party shall continue to preserve such information in accordance with its policy.

  c. Nothing in this Stipulation and Order prevents any Party from asserting, in accordance with the Federal Rules of Civil Procedure, that other categories of ESI are not reasonably accessible within the meaning of Rule 26(b)(2)(B).

 2. <u>No Discovery</u>.

 Except as provided in paragraph A.3 above and Part B below, the Parties shall not seek discovery of items that need not be preserved pursuant to paragraphs A.1. above or meta-data.

 3. <u>No Offering into Evidence without Disclosure</u>.

 The Parties shall not offer into evidence for any purpose in this litigation any item that need not be preserved pursuant to paragraphs A.1. above or meta-data, unless the Party has disclosed the item pursuant to Rule 26 with adequate time to allow other Parties to conduct discovery on the item.

B. <u>DISCOVERY PROCEDURE</u>

 The following procedures apply to producing documents or ESI and controls over any prior instructions provided in requests for the production of documents served prior to the date of this Joint Status Report and Discovery Plan. Compliance with these procedures shall constitute compliance with Federal Rule of Civil Procedure 34(b)(2)(e).

 1. The Parties shall serve all discovery requests and responses on all counsel of record at their email addresses as registered with ECF, with a courtesy copy to be served concurrently via U.S. Mail. Further, the Parties propose that all discovery requests be accompanied by a Word version.

2. Documents printed on paper that is 11 x 17 inches or smaller shall be scanned and the files produced on CD-ROM, DVD-ROM, or external hard drive. Documents printed on larger paper may, at the Producing Party's discretion, be produced on paper. Documents produced on paper must be produced as they are kept in the ordinary course of business or must be organized and labeled to correspond to the categories in the request; alternatively, Documents produced on paper must be organized by custodian and maintained in the order in which they appear in the files of the custodian.

3. Paper documents that are produced on disc shall be scanned as 300 dpi PDF files, in color if the original is in color.

4. Word, WordPerfect, and other word processing files will be converted to searchable PDF files. If the document contains comments or tracked changes that are not part of the ordinary text, the producing Party shall either generate a searchable PDF based on how the document appears when first opened using view settings contained in the file or the producing Party shall produce the native file. If a PDF is produced, the receiving Party shall have the option, after reviewing the produced PDF, to request the native file.

5. Microsoft PowerPoint files will be produced in searchable PDFs. The receiving Party may, after reviewing the produced PDFs, request the native files.

6. E-mail and attachments should be converted to searchable PDFs. E-mail attachments shall be processed as though they were separate documents.

7. If the production includes Microsoft Excel files and other spreadsheets, the producing Party shall either generate searchable PDFs or the native files. If a PDF isproduced, the receiving Party may, after reviewing the spreadsheets, request the native files.

8. Digital photographs will be produced as full color image files at their original resolution or as PDFs. The receiving Party may, after reviewing the photographs, request the native files along with any associated locational information (such as Global Positioning System ("GPS") data).

Stipulation re: Discovery of ESI and Discovery Procedure; Order          2:17-cv-00112-KJM-KJN

3

9. Before any Party produces any other kinds of electronic data, including data from databases, CAD drawings, GIS data, videos, etc., the Parties will meet and confer to determine a reasonably useable form for the production.

10. Except as stated above, a Party need not produce the same ESI in more than one form.

11. "Duplicate," when used to describe either an electronic or hard copy document, means that the document does not show at least one facial change, such as the inclusion of highlights, underlining, marginalia, total pages, attachments, markings, revisions, or the inclusion of tracked changes.

    a. <u>Deduplication of e-mail</u>. The Parties may use a widely accepted method of deduplication, including comparing the to, from, date, and time fields of e-mails and may only produce one copy from each set of duplicates.

    b. <u>Deduplication of ESI other than e-mail</u>. With respect to ESI other than e-mail, the Parties may use a widely accepted method of deduplication, such as using MD5 or SHA-1 hash values calculated before the files are collected for discovery and need only produce one copy.

## C.    <u>STIPULATION TREATED AS BINDING</u>

The Parties agree to treat the foregoing stipulation as controlling pending the Court's consideration of it.

                                     Respectfully submitted,

                                     JEFFREY H. WOOD
                                     Acting Assistant Attorney General
                                     Environment and Natural Resources Division

Dated: <u>June 15, 2017</u>       /s/ *Rochelle L. Russell*
                                   ROCHELLE L. RUSSELL, Trial Attorney
                                   U.S. Department of Justice
                                   *Attorneys for Plaintiff*

Dated: <u>June 15, 2017</u>       /s/ *Lawrence S. Bazel*
                                   LAWRENCE S. BAZEL
                                   *Attorney for Defendants*

ORDER

In accordance with the foregoing stipulation and good cause appearing,

IT IS SO ORDERED.

DATED: June 21, 2017.

_____
UNITED STATES DISTRICT JUDGE