JEFFREY H. WOOD
Acting Assistant Attorney General
ROCHELLE L. RUSSELL (CA No. 244992)
United States Department of Justice
Environmental and Natural Resources Division
Environmental Defense Section
301 Howard Street, Suite 1050
San Francisco, CA 94105
Tel: (415) 744-6566 / Fax: (415) 744-6476

PHILLIP A. TALBERT
United States Attorney
GREGORY T. BRODERICK
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Tel: (916) 554-2780

*Attorneys for Plaintiff United States of America*

LAWRENCE S. BAZEL (CA No. 114641)
MAX ROLLENS (CA No. 308984)
BRISCOE IVESTER & BAZEL LLP
155 Sansome Street, Seventh Floor
San Francisco, CA 94104
Tel: (415) 402-2700 / Fax: (415) 398-5630

*Attorneys for Defendants John Donnelly Sweeney and
Point Buckler Club, LLC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:17-cv-00112-KJM-KJN |
| Plaintiff, | **STIPULATION RE: PRIVILEGE AND WORK PRODUCT LOGS** |
| v. | |
| JOHN DONNELLY SWEENEY and POINT BUCKLER CLUB, LLC | **ORDER** |
| Defendants. | |

Pursuant to the Parties' Joint Status Report and Discovery Plan, ECF No. 12, and the Court's direction at the June 8, 2017 status conference, ECF No. 14, the Parties submit the following stipulation and proposed Order regarding the logging of privileged and work product materials in this case.

A. <u>PRIVILEGE OR WORK PRODUCT LOGS GENERALLY</u>

The parties agree that Fed. R. Civ. P. 26(b)(5)(A), insofar as it sets forth obligations to provide a log of privileged or work product materials, presumptively should not apply to the following communications:

    i.    internal communications within and/or among (a) Briscoe, Ivester & Bazel LLP, or (b) governmental law offices (e.g., the U.S. Department of Justice, the U.S. Environmental Protection Agency ("EPA") offices of general and regional counsel, and the U.S. Army Corps of Engineers ("Corps") offices of headquarters and district counsel).

    ii.    communications after October 21, 2015, exclusively between EPA employees and counsel from the EPA or the U.S. Department of Justice previously or currently responsible for or overseeing the case (but not including non-attorney staff-to-staff communications);

    iii.    communications after October 21, 2015, exclusively between Corps employees and counsel from the Corps or the U.S Department of Justice previously or currently responsible for or overseeing the case (but not including non-attorney staff-to-staff communications);

    iv.    communications after October 21, 2015, exclusively between EPA and Corps employees and counsel from the EPA, the Corps, or the U.S. Department of Justice previously or currently responsible for or overseeing the case (but not including non-attorney staff-to-staff communications);

    v.    communications exclusively between employees or counsel from the EPA, the Corps, or the U.S. Department of Justice and any confidential litigation consultant;

    vi.    communications exclusively between John Donnelly Sweeney or Point Buckler Club, LLC, and any attorney representing them with respect to the subject matter of this litigation;

    vii.    communications between John Donnelly Sweeney or Point Buckler Club, LLC, and any confidential litigation consultant retained with respect to the subject matter of this litigation;

    viii. communications between any attorney representing any party on this matter and any confidential litigation consultant;

    ix. materials created on or after October 21, 2015 in anticipation of this litigation or for purposes of litigation, by attorneys or by confidential litigation consultants; and

    x. communications between trial counsel and consultants employed by counsel but excluding communications described in Fed. R. Civ. P. 26(b)(4)(C)(i)-(iii).

B. <u>PRIVILEGE OR WORK PRODUCT LOGS FOR EMBEDDED EMAIL</u>

  For purposes of a privilege or work product log, an e-mail may be treated as a single document regardless of the number of embedded emails contained within the message body. The privilege log for an e-mail withheld under a claim of privilege, to the extent any is required, shall identify the author, recipient(s), subject, dates and times based on the top-level message, and shall not include data from any e-mail embedded in the message body. However, if an e-mail contains both privileged and non-privileged communications, the non-privileged communications must be produced. This requirement should be satisfied by producing the original of the embedded, non-privileged e-mail or it may be satisfied by producing a redacted version of the privileged e-mail.

C. <u>STIPULATION TREATED AS BINDING</u>

  The Parties agree to treat the foregoing stipulation as controlling pending the Court's consideration of it.

              Respectfully submitted,

              JEFFREY H. WOOD
              Acting Assistant Attorney General
              Environment and Natural Resources Division

Dated: <u>June 22, 2017</u>    /s/ *Rochelle L. Russell*
              ROCHELLE L. RUSSELL, Trial Attorney
              U.S. Department of Justice
              *Attorneys for Plaintiff*

Dated: <u>June 22, 2017</u>    /s/ *Lawrence S. Bazel*
              LAWRENCE S. BAZEL
              *Attorney for Defendants*

ORDER

In accordance with the foregoing stipulation and good cause appearing, IT IS SO ORDERED.

DATED: June 30, 2017.

_____
UNITED STATES DISTRICT JUDGE