1 JEFFREY H. WOOD
Acting Assistant Attorney General
2 ANDREW J. DOYLE
United States Department of Justice
3 Environmental and Natural Resources Division
Environmental Defense Section
4 301 Howard Street, Suite 1050
San Francisco, CA 94105
5 Tel: (415) 744-6566 / Fax: (415) 744-6476

6 PHILLIP A. TALBERT
United States Attorney
7 GREGORY T. BRODERICK
Assistant United States Attorney
8 501 I Street, Suite 10-100
Sacramento, CA 95814
9 Tel: (916) 554-2780

10 *Attorneys for the United States*

11 LAWRENCE S. BAZEL (CA No. 114641)
LAUREN BERNADETT (CA No. 295251)
12 BRISCOE IVESTER & BAZEL LLP
13 155 Sansome Street, Seventh Floor
San Francisco, CA 94104
14 Tel: (415) 402-2700 / Fax: (415) 398-5630

15 *Attorneys for Defendants John Donnelly Sweeney and
Point Buckler Club, LLC*

16

17 UNITED STATES DISTRICT COURT

18 EASTERN DISTRICT OF CALIFORNIA

19

| UNITED STATES OF AMERICA, | 2:17-cv-00112-KJM-KJN |
|---|---|
| Plaintiff, | **STIPULATION RE: CONFIDENTIAL FINANCIAL INFORMATION;** |
| v. | |
| JOHN DONNELLY SWEENEY and POINT BUCKLER CLUB, LLC | **ORDER** |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 26(c), Federal Rule of Evidence 502, the Parties' Joint Status Report and Discovery Plan, ECF No. 12, and the Court's direction at the June 8, 2017 status conference, ECF No. 14, the Parties submit the following stipulation and proposed Order regarding confidential financial information.

A. <u>REQUEST FOR PROTECTIVE ORDER FOR CERTAIN FINANCIAL DOCUMENTS</u>

The Parties stipulate and propose that the Court issue the following Order pursuant to Federal Rule of Civil Procedure 26(c) to govern the exchange of certain documents pertaining to confidential financial information.

1. The term "confidential document" herein means all documents, or parts thereof, which are designated as confidential by the Defendant[1] producing them consistent with the requirements of this Protective Order. The designation shall be made at the time of production by placing the words "CONTAINS CONFIDENTIAL INFORMATION, PRODUCED BY" and the name of the producing Party on each page of each document. Such designation shall constitute a certification by the attorney of record for the producing Party that the document so designated, or parts thereof, is in good faith claimed to be confidential because of its private information. In addition, such designation shall constitute a certification by the attorney of record for the producing Party that all of the following are true to the best of his or her knowledge after a reasonable inquiry:

    a. the producing Party has taken reasonable measures to protect the confidentiality of the document and intends to continue to take such measures;

    b. the document is not required to be disclosed, or otherwise made available, to the general public;

    c. unlimited disclosure of the document is likely to cause substantial harm to the privacy of the producing Party;

    d. the document was not previously provided to or by the producing Party to

---

[1] The Parties do not expect the United States to be producing any confidential information. If the United States produces any confidential documents, the parties will meet and confer regarding the scope of who the Defendants may share the confidential documents with.

or by a non-party with a lawful right to it, unless in a manner that creates or retains its privileged and/or confidential nature; and

   e. the document is not already or was not in the public domain.[2]

 2. The United States may challenge the producing Party's designation, but unless and until such designation is overturned by the Court (or otherwise resolved) the document shall remain a "confidential document." The burden of establishing the confidentiality of any document shall be on the Party favoring confidentiality.

 3. No confidential document shall be disclosed, and no information in any confidential document shall be disclosed, to any person for any purpose other than the prosecution, defense, appeal, or settlement of the above-entitled action. In addition, disclosure may only be made to the persons identified in paragraph 4 below and only in the manner provided in this Protective Order, unless otherwise provided by further Order of this Court, by further stipulation, or by order or subpoena of any court of competent jurisdiction.

 4. The following persons may have access to any confidential document produced by Defendants for purposes of the prosecution, defense, appeal, or settlement of the above-entitled action:

   a. the Department of Justice, Environmental Protection Agency ("EPA"), and United States Army Corps of Engineers ("Corps") employees working on the above-entitled action;

   b. the attorneys representing the United States (including attorneys for EPA and the Corps) and their support staff, as necessary for the attorneys to perform their work in connection with the above-entitled action;

   c. the Court, employees of the Court assigned to the above-entitled action, and Court stenographic reporter;

---

[2] "In the public domain" means, and the requirements set forth in this Protective Order shall not apply to, documents to the extent that they have become public knowledge, i.e., demonstrably obtainable from public sources through legitimate means.

Stipulation re: Confidential Financial Information; Order   2:17-cv-00112-KJM-KJN

    d.  deposition court reporters, transcribers, or their assistants, but only as necessary to take discovery in accordance with this stipulation;

    e.  the financial expert (and her assistants) not employed by the United States but retained by the United States to assist in the above-entitled action for purposes of assessing a Party's financial condition, ability to pay restoration costs, mitigation costs, and/or civil penalties, or evaluate the economic benefit a Party received from any alleged violation, with disclosure only to the extent necessary to perform such work, including but not limited to expert reports and testimony;

    f.  persons who have access to the confidential document as evidenced by the material itself in that it is either to, from, or copied to such persons;

    g.  Any witness who is deposed in this action and otherwise entitled to view the confidential information;

    h.  non-employee consultants specially retained for filing, organizing, coding, converting, photocopying, storing, retrieving, or designing programs for handling data connected with the above-entitled action;

    i.  other persons qualified to have access to any confidential document by agreement of the producing Party or by further Order of the Court.

    j.  if the receiving Party desires to show the confidential documents to any other person (including but not limited to witnesses deposed in this action), the parties shall meet and confer in good faith. If they are unable to resolve the dispute informally, any party may seek relief from the Court.

  5.  Any Party affirmatively disclosing any confidential document to any person enumerated in paragraph 4 above shall make such person aware of this Protective Order, and such person shall agree not to disclose any confidential document to any other person except in conformance with this Protective Order.

  6.  In connection with the issuance of process to compel attendance of a witness at a deposition or other testimonial proceeding, such process may include a notice specifying that one or more confidential documents disclosed at such deposition or other proceeding is protected

Stipulation re: Confidential Financial Information; Order          2:17-cv-00112-KJM-KJN

3

pursuant to the terms of this Protective Order, in which event the witness, who shall be served with a copy of this Protective Order along with the notice of deposition or subpoena, shall be deemed fully apprised and bound by the terms of this Protective Order.

7. Any Party who has designated a document as confidential may designate deposition or other testimony of any person related to that document as confidential, by making the designation on the record and specifically identifying the document's exhibit or production number or, if a document is not numbered, its date, author, recipients, and subject matter, to the extent possible. If any confidential document is used during the testimony, portions of the transcript referring to such confidential document shall themselves be deemed confidential and subject to the terms and restrictions of this Protective Order. In all other respects, the transcript shall not be treated as confidential.

8. Unless the Court orders otherwise, no party may file, proffer into evidence, or address orally or in writing the contents of any confidential document with the Court without permitting the opposing Party seven days to prepare request for an Order of seal or redaction, nor while the Court is considering such a request. If a sealing or redaction Order issues, the Parties shall follow the Court's ECF procedures for sealing and redaction, Local Rules 140 and 141, and any pertinent Order of this Court.

9. Nothing in this Protective Order shall prevent or otherwise restrict any counsel from rendering advice to his or her client and, in the course thereof, relying on the examination of any confidential document.

10. Any Party wishing to designate a document as confidential must do so no later than 30 days before the deadline for the exchange of trial exhibits. Any party wishing to challenge a confidential document designation must do so no later than 10 days prior to the date on which Parties must exchange trial exhibits.

11. Nothing in this Protective Order shall prevent the Parties from seeking modification of it or from objecting to discovery or evidence on other permissible grounds.

12. Nothing in this Protective Order shall modify those provisions of Local Rule 140(a) relating to omission or redaction or personal data identifiers, or those provisions of Local

Rule 140(b) relating to the seeking of a protective order or order authorizing redaction before protected information is submitted.

B. <u>STIPULATION TREATED AS BINDING</u>

The Parties agree to treat the foregoing stipulation as controlling pending the Court's consideration of it.

                                            Respectfully submitted,

                                            PHILLIP A. TALBERT
                                            United States Attorney

Dated: July 31, 2017                 */s/ Gregory T. Broderick*
                                            GREGORY T. BRODERICK,
                                            Assistant United States Attorney
                                            *Attorneys for the United States*

Dated: July 28, 2017                 /s/ *Lawrence S. Bazel* (authorized 7/28/2017)
                                            LAWRENCE S. BAZEL
                                            *Attorney for Defendants*

ORDER

In accordance with the foregoing stipulation and good cause appearing,

IT IS SO ORDERED.

Dated: August 8, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE