1  ANDREW J. DOYLE
   HUBERT T. LEE
2  United States Department of Justice
   Environmental and Natural Resources Division
3  Environmental Defense Section
   P.O. Box 7611
4  Washington, DC  20044
   Tel: (202) 514-4427 / Fax: (202) 514-8865
5
6  *Attorneys for the United States*

7  LAWRENCE S. BAZEL (CA No. 114641)
   BRISCOE IVESTER & BAZEL LLP
8  155 Sansome Street, Seventh Floor
   San Francisco, CA 94104
9  Tel: (415) 402-2700 / Fax: (415) 398-5630

10 *Attorneys for Defendants John Donnelly Sweeney and
   Point Buckler Club, LLC*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>JOHN DONNELLY SWEENEY and<br>POINT BUCKLER CLUB, LLC<br><br>           Defendants. | 2:17-cv-00112-KJM-KJN<br><br>**STIPULATION AND ORDER ON HEARSAY OBJECTIONS**<br><br>Trial Date: May 20, 2019<br>Time: 1:30 p.m.<br>Place: Courtroom 3<br>Judge: The Honorable Kimberly J. Mueller |

The Amended Pretrial Order, ECF No. 122 (at 5:23-6:13), specifies a process in which Plaintiff United States of America and Defendants John Sweeney and Point Buckler Club, LLC are to confer and attempt to resolve hearsay objections. The parties have followed that process by identifying which of their exhibits may contain hearsay, and by exchanging lists of hearsay objections to some of those exhibits.

The parties hereby stipulate and agree that, except as specified in paragraph 11 below, their hearsay objections are now resolved as follows:

1. Defendants do not and shall not object, on hearsay grounds, to the recently filed Direct Expert Testimony declarations of Stuart W. Siegel, Ph.D. (ECF No. 132); James Kulpa (ECF No. 130); Peter Baye, Ph.D. (ECF No. 133); Daniel Martel (ECF No. 129); and Bruce Herbold, Ph.D. (ECF No. 127), as well as any and all exhibits (or portions thereof) that are reproduced in, or appear within, the four corners of any of these declarations (as opposed to exhibits, or portions thereof, that are merely cited in, or merely referred to as being incorporated by reference into, any such declaration; those exhibits are addressed in paragraph 2 below). These five declarations and the exhibits just described (i.e., appearing within the declarations) can be admitted into evidence for "the truth of the matter asserted." Fed. R. Evid. 801(c).

2. Defendants do not and shall not object, on hearsay grounds, to any and all exhibits (or portions thereof) that are merely cited in, or merely referred to as being incorporated by reference into, any of the five declarations, provided that the United States limits their admission to demonstrate the basis of the opinions of the United States' experts. With respect to Exhibits 344 and 345, the United States reserves the right to seek to admit those exhibits for the truth of the matter asserted under Fed. R. Evid. 803(1), and Defendants reserve the right to object to such admission for such additional purpose (i.e., more than just to demonstrate the basis of the opinions of the United States' experts).

3. The United States withdraws the following exhibits (without conceding any hearsay objection): Exs. 240, 245, and 323.

4. The United States does not and shall not object, on hearsay grounds, to the following Defendants' exhibits: Exs. 2036, 2164, and 2169. These exhibits can be admitted into

evidence for "the truth of the matter asserted." Fed. R. Evid.801(c).

5. The United States does not and shall not object, on hearsay grounds, to the following Defendants' exhibits, provided that Defendants limit their admission to demonstrate the basis of the opinions of Defendants' experts: Exs. 2197 and 2198.

6. Defendants do not and shall [not][1] object, on hearsay grounds, to the following United States' exhibits: Exs. 389, 403, and 448. These exhibits can be admitted into evidence for "the truth of the matter asserted." Fed. R. Evid. 801(c).

7. Defendants do not and shall not object, on hearsay grounds, to the following United States' exhibits, provided that the United States limits their admission to a non-hearsay purpose (for what was said, but not for the truth): Exs. 17, 440, 441, 442, 443, and 444.

8. The Court may (subject to any objection other than hearsay) take judicial notice of Solano County Superior Court's orders identified as exhibits by Defendants, Exs. 2177, 2183 to 2191 (for what was ruled upon or ordered, but not for the truth). The Court can also take judicial notice that the judgments of the Solano County Superior Court are on appeal.

9. The United States does not and shall not object, on hearsay grounds, to the following Defendants' exhibits (mostly letters and pleadings submitted by counsel for Defendants), provided that Defendants limit their admission to a non-hearsay purpose (for what was said, but not for the truth): Exs. 2045, 2046, 2064, 2065, 2067, 2068, 2069, 2072, 2081, 2086, 2088, 2089, 2090, 2101, 2102, 2106, 2112, 2129, 2141, 2142, 2149, 2150, 2154, and 2176.

10. This stipulation does not apply to any photo in the United States' or Defendants' exhibits.

11. This stipulation does not apply to Exs. 465, 467, 469, 470, 474, 475, and 476 to 479 because the parties were not able to resolve Defendants' hearsay objections to those exhibits.

12. With respect to the exhibits addressed in this stipulation, this stipulation resolves only the hearsay objections made by the parties. The parties reserve all other objections except for authenticity, which is addressed in paragraph 13 below.

---

[1] The court clarified with the parties at hearing that "not" was inadvertently left out.

13. In accordance with the procedure identified in the Amended Pretrial Order, ECF No. 122 (at 5:12-22), the parties have resolved all of their authenticity objections, except for two: The United States maintains its right to object to the authenticity of Defendants' exhibits 2238 and 2242.

14. The parties reached agreement on the terms of this stipulation by 9:30 p.m. on Saturday, May 18, 2019. However, at that time, and through 12 p.m. (at least) on Sunday, May 19, neither party was able to access the Court's ECF system. Defendants' objections to the Herbold and Martel declarations were due May 18, 2019, and this stipulation relates to the scope of their objections to those declarations. Thus, the parties stipulate and propose for the Court's approval that Defendants may file by 4 p.m. on Sunday, May 19, 2019, any objections to the Herbold and Martel declarations. The United States is also filing this stipulation under the same timeframe.

Dated: May 18, 2019　　　　　　　Respectfully submitted,

*/s/ Andrew J. Doyle*
United States Department of Justice
Environmental and Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, DC 20044
Tel: (202) 514-4427

*Attorney for the United States*

/s/ *Lawrence S. Bazel* (authorized May 18, 2019)
LAWRENCE S. BAZEL

*Attorney for Defendants*

### **ORDER**

Upon due consideration, and for good cause shown, the Court approves the parties' stipulation.

DATED: May 20, 2019.

_____
UNITED STATES DISTRICT JUDGE