UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 2:17-cv-00112-KJM-KJN |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| John Donnelly Sweeney and Point Buckler Club, LLC, | |
| Defendants. | |

The court previously ordered the parties to submit a joint proposal regarding the court's suggestion it planned to appoint a magistrate judge as a special master with a specified "role and duties." Prior Order at 31, ECF No. 210. The court also ordered the parties to show cause why U.S. Magistrate Judge Jeremy Peterson should not be appointed special master. *Id.* In response, the parties submitted competing proposals, *see* Parties' Proposals, ECF No. 215, but did not contest Judge Peterson's credentials or ability to serve in some capacity, *see* U.S. Resp., ECF No. 214. The court has reviewed the parties' proposals and the applicable law, and now **refers this matter to Magistrate Judge Peterson, as explained below**.

Two sources of law govern the appointment of a special master along the lines the court previously had contemplated. First, 28 U.S.C. § 636 governs magistrate judge authority in general. Subsection 636(b)(2) specifically addresses when a magistrate judge may serve as

1

Case 2:17-cv-00112-KJM-KJN   Document 223   Filed 01/26/23   Page 2 of 4

special master.  Second, Federal Rule of Civil Procedure 53 governs the appointment and powers of special masters generally.  Rule 53(h) addresses when a magistrate judge serving as special master is subject to that rule.  Upon close scrutiny, these authorities do not fit together neatly. *Compare* 28 U.S.C. § 636(b)(2) ("A judge may designate a magistrate judge to serve as a special master in any civil case, *upon consent* of the parties, without regard to the provisions of rule 53(b) . . . . (emphasis added)) *with* Fed. R. Civ. P. 53(h) ("A magistrate judge is subject to this rule *only when* the order referring a matter to the magistrate judge states that the reference is made under this rule." (emphasis added)); *see also* 9C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2602.2 (3d ed. 1998) ("[When] a magistrate judge [is] appointed a master under Section 636(b)(2)[,] . . . Rule 53(h) carries forward unchanged the pre-2003 amendment version of Rule 53(f), indicating that Rule 53 applies when the order referring a matter to a magistrate judge expressly provides that it is being done under Rule 53.").  As most relevant here, these provisions do not explain clearly whether a judge may appoint a magistrate judge to serve as special master not subject to Rule 53 and without the consent of the parties.  This potential ambiguity is one source of the parties' disagreement as reflected in their competing proposals here.

   The United States urges the court to appoint Magistrate Judge Peterson as special master with all the power and responsibilities consistent with 28 U.S.C. § 636(b)(1)(A), notwithstanding that provision's express limitation to pretrial matters.  Parties' Proposals at 2.  The government contends section 636(b)(3)'s broad language gives the court authority to make such an appointment.  *See* 28 U.S.C. § 636(b)(3) ("A magistrate judge may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States.").  Further, the government argues Federal Rule of Civil Procedure 53 need not apply in full force, despite the absence of consent, because of the breadth of section 636(b)(3) and the subsidiary nature of the assigned duties.  Parties' Proposals at 3–4; *but see Peretz v. United States*, 501 U.S. 923, 933 (1991) ("[T]he duties that a magistrate may perform over the parties' objections are generally subsidiary matters," unlike the "supervision of entire civil and misdemeanor trials.").

2

In response, the defense claims the government's proposal is contrary to both section 636 and Rule 53. *Id.* at 5. Moreover, the defense argues the government's proposal would require the magistrate judge as special master to exercise "broad *independent* judgment to consider evidence that was not submitted at trial and to choose an appropriate remedy," straying into the role of an Article III judge and beyond the outer limits of a magistrate judge's authority. *Id.* at 6 (emphasis in original). The limited persuasive authority the court has located on this issue casts doubt on whether the court can accept the government's interpretation of section 636 in order to confirm its original plans at this stage. *See Beazer East, Inc. v. Mead Corp.*, 412 F.3d 429, 437–44 (3rd Cir. 2005).

Both parties raise legitimate issues about the scope of the magistrate judge's role and duties, regardless of the exact nature of designation or referral. Their dispute stems only in part from the awkward alignment of the legislative scheme and the federal rules as highlighted above. Otherwise, their dispute is rooted in their differing views about how the court's remedial order must be implemented. The United States argues Magistrate Judge Peterson would only resolve disputes and enforce the injunctions the court already has ordered, while the defense contends Judge Peterson would need to devise the injunctions' content.

Both parties are partially correct. On the one hand, the court's prior order imposed a mandatory injunction requiring defendants to "restore the tidal channel and tidal marsh wetlands ecosystem of Point Buckler Island, consistent with the United States' Restoration Plan for Point Buckler Island as a substantial guide." Prior Order at 32. This order's implementation could be carried out and supervised by a special master subject to reporting to the court. On the other hand, the court acknowledged defendants might be able to show no action is necessary if natural processes will achieve the goals of the restoration plan, *see id.* at 10; and the court ordered defendants to submit a detailed submission to the United States including a schedule and plan for restoring the Island, *see id.* at 32–33. As a result, some factfinding might be needed to clarify the contours of the injunction or whether the injunction need remain in force.

Because a detailed restoration plan has not been finally identified, the court defers the appointment of a special master at this time. Instead, the court **refers the identification of a**

3

**restoration plan to Magistrate Judge Jeremy Peterson under 28 U.S.C. § 636(b)(3)**. Judge Peterson may hold hearings as he deems necessary to determine the proper parameters of the plan, as consistent with the procedure specified in this court's prior order and with section 636. Judge Peterson will make findings and recommendations to this court as necessary to clarify the injunction's contours. The court will review any findings and recommendations subject to the applicable standard of review. The court does not refer to Judge Peterson the making of any final determinations at this stage.

 In light of the defense contention that no further action is needed to restore Point Buckler Island, the parties are **directed to meet and confer to clarify their respective positions about whether further action is needed**. The parties must **submit a Joint Status Report to Judge Peterson within twenty-one days reviewing their positions on any changed circumstances on the Island and the appropriate restoration steps**. Upon receipt of the parties' Joint Status Report, Judge Peterson will conduct proceedings as appropriate under the circumstances and within a reasonable period of time make a recommendation to this court regarding the details of the restoration plan for purposes of achieving injunctive relief as ordered by the court.

 IT IS SO ORDERED.

DATED: January 25, 2023.

CHIEF UNITED STATES DISTRICT JUDGE