UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:17-cv-00112-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| John Donnelly Sweeney and Point Buckler Club, LLC, | |
| Defendants. | |

Defendants John Sweeney and Point Buckler Club, LLC move for reconsideration of the court's prior order granting injunctive relief to the United States. As explained below, the court **denies** the motion to the extent defendants seek dismissal due to state court judgments, **denies** the request to transfer the case to another judge, and otherwise **stays** the motion pending the resolution of the matters referred to Magistrate Judge Jeremy Peterson.

**I.    BACKGROUND**

The court's previous orders have chronicled this case's history. *See* Remedy Order (Dec. 9, 2022) at 2–4, ECF No. 210; Liability Order & J. (Sept. 1, 2020) at 3–11, ECF No. 180. The court summarizes developments following issuance of the Remedy Order here.

The parties submitted proposals for the role and duties of the special master, as required by the Remedy Order. *See* Joint Proposals, ECF No. 215. In light of disputes about the scope of

1

1  the special master appointment and unresolved factual questions about implementing the
2  mandatory injunction, the court declined to appoint a special master.  Referral Order at 3, ECF
3  No. 223.  Instead, the court referred the full delineation of contours of a restoration plan to
4  Magistrate Judge Jeremy Peterson under 28 U.S.C. § 636(b)(3).  *Id.* at 3–4.

5  Before the court issued the Referral Order, defendants filed a motion for reconsideration
6  of the Remedy Order.[1] *See* Mot., ECF No. 216.  They raise three arguments.  First, they claim the
7  case should be dismissed due to recent state court judgments.  *Id.* at 9–14.  Second, they state they
8  cannot afford to restore Point Buckler Island.  *Id.* at 14–19.  Third, they seek revisions to the
9  order in several respects.  *Id.* at 20–24.  They also request the matter be transferred to a different
10 judge, *id.* at 23, and request a stay of the Remedy Order until the motion for reconsideration is
11 resolved, *id.* at 24–25.  The government opposes, *see* Opp'n, ECF No. 220, and defendants have
12 replied, *see* Reply, ECF No. 224.  In their reply, defendants concede the referral to Magistrate
13 Judge Peterson might resolve some of the issues in their motion for reconsideration, including
14 disputes about burdens, *see id.* at 8, and whether defendants can afford to pay for restoration, *see*
15 *id.* at 13.  Because defendants' arguments for dismissal would require the court to terminate this
16 case, and their argument for transfer, if granted, would require immediate action, the court
17 resolves them here.

18 **II.      STATE COURT JUDGMENTS**

19 Federal Rules of Civil Procedure 59 and 60 permit parties to seek a new trial or relief from
20 judgment on various grounds.  Under both rules, newly discovered evidence is a ground for relief.
21 *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (explaining newly
22 discovered evidence may justify reconsideration under Rule 59); Fed. R. Civ. P. 60(b)(2).  But,
23 also "[u]nder both rules," evidence cannot qualify as newly discovered if it "was in the possession
24 of the party before the judgment was rendered."  *Coastal Transfer Co. v. Toyota Motors Sales,*
25 *U.S.A.*, 833 F.2d 208, 212 (9th Cir. 1987) (quoting 11 Wright & Miller § 2859 (1973)).  As a

---

[1] Defendants also filed a Notice of Appeal within a week of the motion.  *See* Notice, ECF No. 217.  Under Federal Rule of Civil Procedure 4(a)(4)(B)(i), the notice will not become effective until this court resolves the motion for reconsideration.

result, "[a] motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). Moreover, reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters.*, 229 F.3d at 890.

Here, defendants do not specify which rule applies to the state court judgments. In their motion, they invoke Rules 59(a), 59(e), 52(b) and 60(b), *see* Mot. at 7–8, but they do not identify a rule or standard when putting forward their various arguments, *see, e.g.*, *id.* at 9–14. Instead, they urge the court to dismiss the case because they say state court judgments rendered in 2021, *see id.* at 9, either bar the Remedy Order due to res judicata, *see id.*, moot the relief afforded, *see id.* at 12, or require abstention under *Colorado River*, *see id.* at 13–14. They characterize these judgments as at least "newly discovered evidence" under Rule 59(a).[2] *Id.* at 7.

It is immaterial whether defendants' arguments are analyzed under Rule 59 or 60, or both. These arguments turn on an assumption that new evidence now exists that the court did not consider previously: recent state court judgments. Although the briefing raises a litany of issues regarding the substance of defendants' arguments, *see* Opp'n at 2–8; Reply at 5–7, the court need not address res judicata, mootness or abstention because the state court judgments are not newly discovered evidence, if in fact they qualify as evidence. These judgments were issued in 2021, *see* Mot. at 9, and the court's Remedy Order was issued in December 2022, *see* Remedy Order. The state court judgments were therefore in defendants' "possession . . . before the judgment [in this case] was rendered," and do not justify reconsideration. *Coastal Transfer Co.*, 833 F.2d at 212.

---

[2] The court notes state court judgments are not evidence and generally would not be admitted for their truth, although the court could take judicial notice of them. Because this issue was not briefed by the parties, the court assumes without deciding the state court judgments generally could qualify as newly discovered information within the context of a motion for reconsideration.

3

If defendants wanted the court to consider the effect of the state court judgments, then they should have notified the court during the 12-month period when they had access to the judgments. *See Ito v. Brighton/Shaw, Inc.*, No. 06-1135, 2008 WL 2339557, at *2 (E.D. Cal. June 4, 2008) (finding "fail[ure] to alert the Court" about evidence defendant had for "almost three weeks" prior to issuance of summary judgment decision was sufficient to deny reconsideration). Allowing defendants to proceed with this portion of the motion now would undermine "finality" and be a poor use of "judicial resources." *Kona Enters.*, 229 F.3d at 890. This lawsuit has stretched on for more than six years. *See* Compl. (Jan. 18, 2017), ECF No. 1. After a multi-week bench trial, the court found defendants in violation of the Clean Water Act, *see generally* Liability Order & J., and after extensive briefing and a hearing, the court ordered defendants to restore Point Buckler Island's tidal channels and marsh wetlands, *see generally* Remedy Order. In light of this procedural history, defendants substantially delayed in raising this argument for dismissal. The court declines to entertain it.

In sum, because the state court judgments are not "newly discovered" under either Rule 59 or 60, the court **denies** the motion to the extent it seeks dismissal based on the state court judgments.

### III. TRANSFER

Defendants request "the matter be transferred to another judge" because the court's prior orders purportedly "show favoritism." Mot. at 23. This request is based on defendants' perception of how the court weighed the evidence and fashioned relief in this case. *See id.* (arguing court showed favoritism "[b]y giving the Government a second chance to prove its case, and now by requiring Defendants to prove the Government's case"). Defendants cite no applicable statutes or binding precedent in support of their request.

District judges are statutorily obligated to recuse themselves if their "impartiality might reasonably be questioned" or if they "ha[ve] a personal bias or prejudice against a party." *United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995). In such cases, Appendix A subsection (f)(3) of the Eastern District Local Rules permits reassignment of the case to a different judge. However, judges must recuse "only if the bias or prejudice stems from an

4

extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 885 (9th Cir. 1991) (quotation omitted). "A judge's prior adverse ruling is not sufficient cause for recusal." *Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) (quotation and marks omitted). Accordingly, judges also have a duty not to recuse in certain circumstances. This "obligation not to recuse is perhaps at its highest when the motion has been brought after the party seeking recusal has sustained an adverse ruling in the course of the action." *United States v. Sierra Pac. Indus.*, 759 F. Supp. 2d 1198, 1205–06 (E.D. Cal. 2010).

In short, defendants' request is contrary to law. They point to no facts showing actual favoritism, but only adverse rulings in this case. They cite no binding authority. Their only legal authority is a general proposition from the Seventh Circuit that trial judges may not advocate on behalf of the parties nor show favoritism. *See* Mot. at 23 (quoting *Ross v. Black & Decker, Inc.*, 977 F.2d 1178, 1187 (7th Cir. 1992)). The court **denies** the request.

**IV.   STAY**

In defendants' reply, they concede this court's referral of certain matters to Magistrate Judge Peterson might resolve some of the issues raised in the motion for reconsideration, including disputes about burdens, *see* Reply at 8, and whether defendants can afford to pay for restoration, *see id.* at 13. The court clarifies the Referral Order did not rescind any part of the Remedy Order, as claimed by defendants, *see id.* at 4, but the referral did specify the procedure for determining the scope of action required by the mandatory injunction. Magistrate Judge Peterson has been referred the task of clarifying the mandatory injunction's contours, including whether any action is needed to restore Point Buckler Island in light of intervening events. Remedy Order at 4. This court ultimately will review Magistrate Judge Peterson's recommendations. As a result, because the remainder of defendants' motion assumes a mandatory injunction requiring affirmative action, and defendants might show no action is needed for restoration, the court **stays** the motion pending resolution of the referral.

Defendants also initially requested a stay of the mandatory injunction, *see* Mot. at 24, which they partially retract in their reply, *see* Reply at 13. Defendants claim a stay might no

longer be needed because the Referral Order rescinds the part of the Remedy Order compelling implementation and because implementation is not currently required. *Id.* Again, the Referral Order does not rescind any portion of the Remedy Order. However, defendants correctly acknowledge the scope of the restoration order depends on whether further action is needed. The court will make that determination after Magistrate Judge Peterson concludes his work. Because implementation of the mandatory injunction cannot occur until after the scope of the injunction is determined, the court defers ruling on defendants' motion for a stay at this time.

### V.    CONCLUSION

For the reasons above, the court **denies** defendants' motion to the extent they seek dismissal due to the state court judgments and **denies** their request to transfer the case to a different judge. The court otherwise **stays** defendants' motion, ECF No. 216, until this court resolves the referral to Magistrate Judge Peterson, such as by adopting or declining to adopt findings and recommendations. **Within fourteen days of this court's resolution of Magistrate Judge Peterson's Findings and Recommendations, the parties are directed to file a Joint Status Report addressing whether further briefing on the motion for reconsideration is needed.**

IT IS SO ORDERED.

DATED: February 15, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE