UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 2:17-cv-00112-KJM-JDP |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| John Donnelly Sweeney, et al., | |
| Defendants. | |

The court orders the appointment of Magistrate Judge Jeremy Peterson to act as Special Master as provided by Rule 53 of the Federal Rules of Civil Procedure to oversee the mandatory and prohibitory injunctions enjoining the defendants and the implementation of the approved restoration plan. *See* Order (Feb. 13, 2025) at 8–9, ECF No. 291. As noted below, the court **overrules** Sweeney's objections to Judge Peterson's appointment. Judge Peterson's role and responsibilities are as follows:

I.   **SPECIAL MASTER**

- The court finds Judge Peterson has no ground for disqualification as outlined in 28 U.S.C. § 455 based on the affidavit he has now filed on the docket of this action. *See* ECF No. 304.[1]

---

[1] The court notes the affidavit is titled "Affidavit of Special Master." The court's appointment of Judge Peterson as Special Master takes effect only upon issuance of this order.

- Judge Peterson is appointed as provided by Rule 53(a)(C) to oversee the mandatory and prohibitory injunctions enjoining the defendants and the implementation of the approved restoration plan.
- Judge Peterson must proceed with all due diligence to meet and confer with the parties **within 30 days** of this order to create a scheduling plan and reporting requirements for the implementation of the plan for restoring Point Buckler Island as well as a plan for adjudicating any disputes relating to the implementation of the plan.
- To carry out his responsibilities, Judge Peterson has the full authority set forth in Rule 53(c) of the Federal Rules of Civil Procedure, including requiring the parties to submit progress reports on the implementation of the restoration plan, imposing sanctions pursuant to Rules 37 and 45 and recommending contempt sanctions against a party or nonparty.
- As an agent and officer of the court, Judge Peterson and those working for him shall enjoy the same protections from being compelled to give testimony and from liability for damages as enjoyed by federal adjuncts performing similar functions.
- All scheduling plans, orders, reports and recommendations must be filed on the docket.  The court will monitor the Special Master's scheduling orders but will not issue an order unless the Special Master recommends actions that the court ultimately finds exceed the scope of his authority under Rule 53.  Appropriate objections to those recommendations, to be made within 14 days of the filing of findings and recommendations, will be reviewed and addressed by this court.
- Judge Peterson may make ex parte reports to the court on an ongoing basis concerning the progress of the implementation of the restoration plan.
- Judge Peterson will receive no compensation for his duties as a special master.
- Judge Peterson must maintain records of all progress reports and scheduling orders relating to the implementation of the restoration plan.

/////

## II. OBJECTIONS

The court overrules Sweeney's objections to the appointment of a special master. *See* ECF No. 296. Sweeney argues the court does not have grounds to appoint a special master, but the court has already concluded a special master may be appointed under Rule 53(a)(1)(C). *See* Order (Feb. 13, 2025) at 7. Further, the cases Sweeney cites in support of his argument that the court cannot appoint a special master are inapplicable to this appointment. *See, e.g.*, *Burlington Northern R. Co. v. Dep't. of Revenue of State of Wash.*, 934 F.2d 1064 (9th Cir. 1991) (holding district judge cannot delegate entire case to special master and allow special master to rule on motion for preliminary injunction). Further, Sweeney claims the court has not complied with Rule 53, but the court had not yet appointed a special master, so the objections suggest a clairvoyance Sweeney is unlikely to possess. *See* ECF No. 296 at 5–6. Further, the court has given Sweeney an opportunity to be heard before appointing a special master, abiding by Rule 53(b)(1). *See* Order (Feb. 13, 2025) at 8 (allowing Sweeney to "show cause" before the court appointed a special master). In a previous filing relating to the court's first contemplation of appointing a special master, Sweeney made similar objections to the appointment of a special master: that the court must follow Rule 53. *See* ECF No. 215 at 5–6. The court is following Rule 53 and overrules any other objections as well.

## III. CONCLUSION

Judge Peterson is **appointed as special master**. Sweeney's objections are **overruled.** This resolves ECF No. 296.

IT IS SO ORDERED.

DATED: April 24, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE